UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JOSEPH YOUNG,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN AT USP - MCCREARY,<br><br>    Respondent. | Civil Action No. 6:23-137-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Joseph Young filed a *pro se* submission which has been construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [*See* R. 1]. Young suggests that the Federal Bureau of Prisons (BOP) is miscalculating his release date by failing to award him a certain amount of time credit he believes he is due. [*See id.*]. The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Young's petition. [*See* R. 10]. This matter is now ripe for a decision.

The Court has fully reviewed the parties' submissions and will deny Young's petition without prejudice. That is because the Respondent has demonstrated that Young has not yet fully exhausted his administrative remedies, as required. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Office, which has 30 days

to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Office's response, he may use a BP-11 Form to appeal to the BOP's Central Office, which has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, the Respondent has submitted evidence making it clear that Young has not even initiated the multi-step administrative exhaustion process regarding the matter in question, let alone completed it. *See* R. 10 at 2-5 (citing supporting evidence at R. 10-1). Ultimately, since Young failed to fully exhaust his administrative remedies prior to initiating this matter, a without-prejudice denial of his petition is appropriate.[1] *See Byrd v. Federal Bureau of Prisons*, No. 21-5911, 2022 WL 898772 (6th Cir. Feb. 28, 2022) (affirming the without-prejudice denial of a § 2241 petition and explaining that "[f]ederal prisoners can seek judicial review of the BOP's computation of their sentences only after exhausting their administrative remedies.").

Accordingly, it is **ORDERED** as follows:

1. Young's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED** without prejudice;

2. This action is **STRICKEN** from the Court's docket; and

3. The Court will enter a corresponding Judgment.

---

[1] Exhausting administrative remedies serves two main purposes: (1) it "protects administrative agency authority" by giving the agency the chance to review and revise its actions before litigation is commenced, which preserves judicial resources and administrative autonomy; and (2) it promotes efficiency since "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 126 S. Ct. 2378, 2385 (2006); *see also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies." (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981)). The purposes of administrative exhaustion would, as is typical, be furthered here by completion of the grievance process.

This 27th day of October, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY